Russell G. Wheeler (Bar Roll No. 517881)
Charny & Wheeler
9 West Market Street
Rhinebeck, New York 12572
Tel - (845) 876-7500
Fax - (845) 876-7501
rwheeler@charnyandwheeler.com

Attorneys for Plaintiff Nathaniel Gorman

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| NATHANIEL GORMAN,<br><br>      Plaintiff,<br>v.<br><br>TRANS WORLD ENTERTAINMENT CORPORATION, MICHAEL FEURER in his individual capacity, and JADE SAPUNARICH in her individual capacity, all jointly and severally,<br><br>      Defendants. | COMPLAINT<br><br>Civil Action No. 1:17-CV-0721 (MAD/DJS)<br><br>Electronically Filed |

Plaintiff Nathaniel Gorman, by and through undersigned counsel, brings this Complaint and in support thereof states as follows.

## NATURE OF THE ACTION

1. This is an action brought for (i) retaliation, unpaid overtime and untimely payment of wages under the Fair Labor Standards Act (FLSA); (ii) retaliation, unpaid overtime, untimely payment of wages and violations of notice requirements under New York Labor Law (NYLL); and (iii) violations of the federal Uniformed Services Employment and Reemployment Rights Act (USERRA).

1

## JURISDICTION AND VENUE

2. Jurisdiction is conferred upon this Court by 29 U.S.C. § 216(b) of the FLSA and by 28 U.S.C. § 1331, this action arising under laws of the United States, by 28 U.S.C. § 1337, this action arising under Acts of Congress regulating commerce, and by 38 U.S.C. § 4323(b)(3), this being an action against a private employer by a uniformed service person.

3. This Court has supplemental jurisdiction over the state claims raised by virtue of 28 U.S.C. § 1367.

4. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(1) because Defendants reside in this District, pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claim occurred in this District and pursuant to 38 U.S.C. §4323(c)(2) because the Defendants maintain a place of business within this District.

## PARTIES

5. Plaintiff Nathaniel Gorman is a former employee of Defendants and a member of the New York State Army National Guard, residing in New York State.

6. Defendant Trans World Entertainment Corporation (herein Defendant TWEC) is a New York domestic business corporation operating, inter alia, retail stores in various locations under the name of "F.Y.E.", including a location in Kingston, New York (herein "the Kingston Store"). Defendant TWEC identifies its principal executive offices as 38 Corporate Circle, Albany, New York 12203.

7. Defendant Michael Feurer (herein Defendant Feurer) is and at all times relevant herein was the Chief Executive Officer of Defendant TWEC.

8. Defendant Jade Sapunarich (herein Defendant Sapunarich) is the former manager of the Kingston Store and, upon information and belief, resides at 7 Main Street, Saugerties New York.

9. Defendants were at all times relevant herein joint employers of Plaintiff, acting indirectly and directly in each other's interests in relation to Plaintiff's employment.

10. At all times relevant herein, Defendant Feurer exercised control over all aspects of the day-to-day functions of Defendant TWEC, including: (i) operational control over the operational enterprise, including actively managing, supervising and directing the business operations; (ii) power to establish, and in fact establishing, the terms of employment of Plaintiff and others similarly situated; (iii) power to hire and fire; (iv) having control over employee work schedules; (v) having the ability to determine the rate and method of employee payment; and (vi) maintaining employment records of the employing entity.

11. At all times relevant herein, Defendant Sapunarich exercised control over all aspects of the day-to-day functions of Defendant TWEC's Kingston store, including: (i) operational control over the operational enterprise, including actively managing, supervising and directing the business operations; (ii) power to establish, and in fact establishing, the terms of employment of Plaintiff and others similarly situated; (iii) power to hire and fire; (iv) having control over employee work schedules; (v) having the ability to determine the rate and method of employee payment; and (vi) maintaining employment records of the employing entity.

12. At all times relevant herein, Defendants Feurer and Sapunarich acted directly and indirectly in Defendant TWEC's interests in relation to its employees, including Plaintiff.

13. Since at least 2001, Defendant TWEC has employed two or more individuals -- including Plaintiff -- handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce.

14. Upon information and belief, since at least 2012, Defendant TWEC's annual gross volume of sales made or business done was not less than $500,000 per year.

## FACTUAL ALLEGATIONS

15. Plaintiff was hired by Defendants in or about May, 2012 by Defendants as a regular, part-time associate at the Kingston Store.

16. At all times relevant herein, Plaintiff was compensated by Defendants on an hourly basis.

17. Beginning in or about June 2013, Defendant Sapunarich began manipulating Plaintiff's weekly time clock records by manually deleting hours that Plaintiff had worked from Defendant TWEC's payroll system prior to submitting the resulting falsified records for payroll processing. In so doing, Defendant Sapunarich acted in her capacity as Plaintiff's supervisor.

18. Defendant Sapunarich's actions caused Plaintiff not to be paid wages for approximately 28.35 hours worked during the period between on or about June 29, 2013 through on or about November 24, 2013, resulting in lost wages to Plaintiff over such period in an amount of no less than $268.50.

4

19. In January, 2014, Plaintiff was called for a six-month assignment with the New York State Army National Guard, which required his temporary absence from F.Y.E. Plaintiff's supervisor, Defendant Sapunarich, knew that Plaintiff's leave of absence was due to his military duties.

20. Upon his return from military service on or about May 31, 2014, Plaintiff was denied seniority pay that is ordinarily issued each spring and was informed that his six-month absence rendered him ineligible for Defendant TWEC's standard annual pay increase.

21. Upon Plaintiff's return to work from military service, Defendant Sapunarich resumed manipulating Plaintiff's weekly time-clock records by manually deleting hours that Plaintiff had worked from the payroll system prior to submitting the resulting falsified records for payroll processing. In so doing, Defendant Sapunarich acted in her capacity as Plaintiff's supervisor.

22. Defendant Sapunarich's actions caused Plaintiff not to be paid wages for approximately 543.92 hours worked during the period between on or about July 19, 2014 through on or about December 26, 2015, resulting in lost wages to Plaintiff over such period in an amount of no less than $4,539.97.

23. During the period between on or about July 19, 2014 through on or about December 26, 2015, Defendant Sapunarich made cash payments to Plaintiff in an attempt to compensate for work hours deleted from his official payroll record and to coerce him to cooperate with her scheme.

24. The cash payments made to Plaintiff by Defendant Sapunarich were less than the amount of his lost wages during the foregoing time period and were never subjected to any mandatory withholdings mandated by federal and state law, including the Federal Insurance Contributions (FICA) Act, the Internal Revenue Code, and New York State Labor Law, including the Wage Theft Prevention Act.

25. Plaintiff repeatedly complained to Defendant Sapunarich that he was not being properly compensated by Defendants for all hours worked but Defendant Sapunarich continued to manipulate Plaintiff's weekly time-clock records, causing Plaintiff to not be paid wages for all hours worked for Defendants. Fearful of losing his job, Plaintiff did not complain to any of Defendant Sapunarich's supervisors concerning the practice.

26. In or about December 2015, Plaintiff sought legal counsel, who contacted Defendants TWEC and Feurer concerning, inter alia, Defendants' failure to properly compensate Plaintiff for hours worked.

27. Soon after, upon information and belief, a company investigation resulted in Defendant Sapunarich's termination from employment.

28. Plaintiff requested to be made whole for his lost wages but instead began to suffer retaliatory actions by Defendants TWEC and Feurer, including the reduction of Plaintiff's scheduled hours and culminating in Plaintiff's summary termination from employment on or about May 17, 2016, purportedly for purposes of economic efficiency.

29. Upon information and belief Defendants TWEC and Feurer have subsequently hired employees to replace Plaintiff at the Kingston Store.

## AS AND FOR A FIRST CAUSE OF ACTION
Fair Labor Standards Act – Unpaid Wages

30. Plaintiff repeats and reiterates each and every allegation contained in the preceding paragraphs as if fully set forth herein.

31. Defendants failed to pay Plaintiff timely wages as required by the Fair Labor Standards Act, 29 U.S.C. §201 et seq. and its implementing regulations.

32. Defendants' failure to pay the required wages was willful within the meaning of 29 U.S.C. §255 in that Defendants knew or showed reckless disregard for the issue of whether Defendants' conduct was prohibited under the FLSA.

33. Defendants' failure to comply with the FLSA caused Plaintiff to suffer loss of wages.

## AS AND FOR A SECOND CAUSE OF ACTION
New York Labor Law – Unpaid Wages and Wage Statement Violations

34. Plaintiffs repeats and reiterates each and every allegation contained in the preceding paragraphs as if fully set forth herein.

35. Defendants failed to pay Plaintiff timely wages in violation of NYLL and its implementing regulations.

36. Defendants' failure to pay the required wages as set forth herein was willful within the meaning of NYLL.

37. Defendants' failure to comply with New York wage and hour protections caused Plaintiff to suffer loss of wages and interest thereon.

38. By Defendants' failure to furnish Plaintiff with statements as required under New York Labor § 195(3), Plaintiff is entitled to recover damages under New York Labor Law § 198(1-d).

### AS AND FOR A THIRD CAUSE OF ACTION
Retaliation under the Fair Labor Standards Act

39. Plaintiff repeats and reiterates each and every allegation contained in the preceding paragraphs as if fully set forth herein.

40. By the foregoing, Plaintiff participated in a protected activity under the Fair Labor Standards Act, such activity being known to Defendants.

41. By the foregoing, Defendants committed adverse employment actions disadvantaging plaintiff in retaliation for Plaintiff's protected activity in violation of 29 U.S.C. §215(a)(3) and its implementing regulations.

42. As a result of Defendants' retaliatory actions, Plaintiff has suffered and continues to suffer economic losses and mental anguish and is entitled to equitable relief pursuant to 29 U.S.C. §216(b), including liquidated damages and attorneys' fees and costs.

### AS AND FOR A FOURTH CAUSE OF ACTION
Retaliation under the New York Labor Law

43. Plaintiff repeats and reiterates each and every allegation contained in the preceding paragraphs as if fully set forth herein.

44. By the foregoing, Plaintiff participated in a protected activity under New York Labor Law, activity known to Defendants.

45. By the foregoing, Defendants acted in retaliation to Plaintiff's protected activity in violation of NYLL §215 and its implementing regulations.

46. As a result of Defendants' retaliatory actions, Plaintiff suffered and continues to suffer economic losses and mental anguish and is entitled to additional liquidated damages and attorneys' fees and costs pursuant to New York Labor Law §215(2)(a).

### AS AND FOR A FIFTH CAUSE OF ACTION
Violations of the Uniformed Services Employment and Reemployment Rights Act (USERRA)

47. Plaintiff repeats and reiterates each and every allegation contained in the preceding paragraphs as if fully set forth herein.

48. By their conduct, Defendants failed to maintain Plaintiff at the position and status of employment in which he would have been, had his continuous employment by Defendants not been interrupted by his uniformed service.

49. Because Defendants knew or should have known that Plaintiff's leave was due to his obligations as a uniformed service member, the failure to maintain his employment status was willful within the meaning of the statute, 38 U.S.C. § 4323(d)(1)(C) and its implementing regulations.

WHEREFORE, Plaintiff requests that this Court enter an order:

i. Declaring that the Defendants violated FLSA and NYLL;

ii. Declaring that the Defendants' violation of FLSA and NYLL was willful;

iii. Enjoining the Defendants from committing future violations of FLSA and NYLL;

iv. Granting judgment to Plaintiff on FLSA unpaid wages claims and awarding

unpaid wages and statutory liquidated damages;

v. Granting judgment to on the New York Labor Law claims and awarding unpaid wages and damages for inadequate pay notice, as well as all other damages allowed under New York law;

vi. Granting judgment to Plaintiff on his FLSA and NYLL retaliation claims and awarding Plaintiff actual and compensatory damages arising out of same, as well as all other damages available under the statutes;

vii. Granting judgment to Plaintiff of his USERRA claim and (a) directing Defendants to comply with the provisions of the USERRA; (b) awarding Plaintiff for all lost wages and benefits suffered by reason of Defendants' failure to comply with the USERRA; (c) awarding Plaintiff liquidated damages;

viii. Awarding Plaintiff Wage Theft Act penalties of up to $250 per day, to the maximum penalty of $5,000;

ix. Awarding Plaintiff pre-judgment and post-judgment interest as permitted by law;

x. Awarding the Plaintiff costs and reasonable attorneys' fees; and

xi. Granting such further relief as the Court finds just.

Dated: Rhinebeck, New York
June 30, 2017

/s/ Russell G. Wheeler

Russell G. Wheeler (Bar Roll No. 517881)
Charny & Wheeler
9 West Market Street
Rhinebeck, New York 12572
Tel - (845) 876-7500
Fax - (845) 876-7501
rwheeler@charnyandwheeler.com

Attorneys for Plaintiff Nathaniel Gorman